S. Peter Serrano
United States Attorney
Eastern District of Washington
Letitia A. Sikes
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, Washington 98901

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 26, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARCO ALVAREZ-ACEVEDO,

    Defendant.

Case No.: 1:25-CR-2086-SAB

Plea Agreement
(Fast Track U.S.S.G. § 5K3.1)

    Plaintiff United States of America, by and through S. Peter Serrano, United States Attorney for the Eastern District of Washington, and Letitia A. Sikes, Assistant United States Attorney for the Eastern District of Washington, and Defendant Marco Alvarez-Acevedo ("Defendant"), both individually and by and through Defendant's counsel, Juliana Van Wingerden, Assistant Federal Defender, agree to the following Plea Agreement.

    1.    <u>Guilty Plea and Maximum Statutory Penalties</u>

    Defendant agrees to enter a plea of guilty to the Indictment filed on July 15, 2025, which charges Defendant with Alien in the United States After Deportation, in violation of 8 U.S.C. § 1326, a Class C felony.

    Defendant understands that the following potential penalties apply:

    i.    a term of imprisonment of up to twenty years;

    ii.    a term of supervised release of up to three years;

PLEA AGREEMENT - 1

   iii. a fine of up to $250,000; and

   iv. a $100 special penalty assessment.

 2. <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, up to the following terms:

  a. 5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

  b. 3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony,

  c. 2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony,

  d. 1 year in prison if the offense that resulted in the term of Supervised Release is a class E felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

 3. <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter. Defendant understands the following:

  a. sentencing is a matter solely within the discretion of the Court;

PLEA AGREEMENT - 2

b. the Court is under no obligation to accept any recommendations made by the United States or Defendant;

c. the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

d. the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

e. the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

f. the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

4. <u>Potential Immigration Consequences of Guilty Plea</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

a. pleading guilty in this case may have immigration consequences;

b. a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

c. removal from the United States and other immigration consequences are the subject of separate proceedings; and

d. no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

PLEA AGREEMENT - 3

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

5. <u>Waiver of Constitutional Rights</u>

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

    a. the right to a jury trial;

    b. the right to see, hear and question the witnesses;

    c. the right to remain silent at trial;

    d. the right to testify at trial; and

    e. the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6. <u>Elements of the Offense</u>

The United States and Defendant agree that in order to convict Defendant of Alien in the United States After Deportation, in violation of 8 U.S.C. § 1326, the United States would have to prove the following beyond a reasonable doubt.

    a. *First*, on or about April 19, 2022, Defendant was deported from the United States;

    b. *Second*, after Defendant was deported, he voluntarily entered the United States;

|     |    |    |
| --- | --- | --- |
| 1   | c. | *Third*, at the time and after Defendant entered the United States, he knew he was in the United States and knowingly remained; |
| 3   | d. | *Fourth*, on or about July 3, 2025, Defendant was found in the United States in the Eastern District of Washington, without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; and |
| 8   | e. | *Fifth*, Defendant was an alien at the time of his entry into the United States. |

7. <u>Factual Basis and Statement of Facts</u>

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

Defendant is not a citizen of the United States. Defendant is a citizen and national of Mexico. Defendant was deported from the United States on or about on or about April 19, 2022 at Brownsville, Texas. Prior to Defendant's first removal from the United States, on October 24, 2018, he was convicted of Possession with Intent to Distribute Methamphetamine and Conspiracy to Commit Money Laundering (U.S. District Court Montana, CR-16-75-BLF-SPW-01) and, November 2, 2017, he was convicted of Attempted Possession of Cocaine with Intent to Distribute (U.S. District Court for the Western District of Washington, 2:17CR00072RAJ01). Pursuant to 8 USC § 1326(b), 8 USC §1101(a)(43)(B), this leads to an enhanced penalty of up to 20 years of imprisonment and 3 years of

PLEA AGREEMENT - 5

supervised release, along with other fines and fees as noted in the Charges & Penalties slip filed July 15, 2025. ECF No. 26.

On or about July 3, 2025, Defendant was located by immigration authorities in the Eastern District of Washington. Fingerprints taken from Defendant were submitted to the FBI via the Integrated Automated Fingerprint Identification System (IAFIS), the comparison of which revealed an exact match with Defendant's FBI file which correlates to Defendant's Alien File (A-File). A review of Defendant's A-File revealed no evidence that Defendant has ever sought or received permission to lawfully reenter the United States.

By entering a guilty plea, Defendant admits that he is not a citizen of the United States but is a citizen and national of Mexico; that he voluntarily re-entered the United States; and at the time and after he re-entered the United States, he knew that he was in the United States without consent and knowingly remained.

8. <u>The United States' Agreements</u>

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

9. <u>United States Sentencing Guidelines Calculations</u>

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

    a.    <u>Base Offense Level</u>

The United States and Defendant agree that the base offense level for Alien in the United States After Deportation is eight (8). U.S.S.G. § 2L1.2(a).

    b.    <u>Adjusted Offense Level</u>

PLEA AGREEMENT - 6

1   The United States and Defendant agree that a ten (10) level increase applies
2   because, after Defendant was ordered deported or ordered removed from the
3   United States for the first, time, Defendant engaged in criminal conduct that, at any
4   time, resulted in a conviction for a felony offense wherein a sentence of 5 years or
5   more was imposed. U.S.S.G. § 2L1.2(b)(2)(A).

   c. <u>Departures</u>

The United States agrees to recommend that Defendant's offense level be adjusted downward an additional two (2) levels pursuant to U.S.S.G. § 5K3.1, based on Defendant's agreement to an early disposition of this case without trial and based on Defendant's agreement not to file or present any pretrial motions, sentencing memoranda, and/or objections to the presentence report. The United States and Defendant agree that they will not seek any further downward or upward departures or variances from the applicable sentencing guideline range.

   d. <u>Acceptance of Responsibility</u>

The United States will recommend that Defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a),(b) if Defendant does the following:

   i. accepts this Plea Agreement;
   ii. enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;
   iii. demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;
   iv. provides complete and accurate information during the sentencing process; and
   v. does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for

PLEA AGREEMENT - 7

acceptance of responsibility if, prior to the imposition of sentence, Defendant is convicted of any criminal offense or if Defendant tests positive for any controlled substance.

  e.  <u>Agreements Regarding Representations to the Court</u>

The United States has a duty of candor to the tribunal. If the United States and Defendant do not agree on the appropriate length of incarceration, the appropriate length or applicable terms of supervised release, and/or the correct guidelines calculations, variances, departures, and/or enhancements, the United States reserves the right to respond to any and all arguments made by Defendant, on any bases the United States deems appropriate, at all stages of this criminal case.

Defendant may make any arguments it deems appropriate, at all stages of this criminal case.

With regard to all briefing, submissions, and hearings in this criminal case, the United States and Defendant agree to the following provisions:

  i.  The United States and Defendant may each respond to any questions from the Court or United States Probation Office;

  ii.  The United States and Defendant may each supplement the facts under consideration by the Court by providing information the United States or Defendant deems relevant;

  iii.  The United States and Defendant may each present and argue any additional facts that the United States or Defendant believe are relevant to the Sentencing Guidelines computation or sentencing;

  iv.  The United States and Defendant may each present and argue information that may already be known to the

PLEA AGREEMENT - 8

        Court, including information contained in the Presentence Investigation Report;

    v.    The United States and Defendant may each respond to any arguments presented by the other;

    vi.    In order to support the United States' sentencing recommendation as set forth herein, the United States may oppose and argue against any defense argument or any recommendation for any sentence lower than the sentence recommended by the United States on any basis, including arguments for a lower offense level, a lower criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

    vii.    In order to support the defense sentencing recommendation as set forth herein, Defendant may oppose and argue against any argument by the United States, or any recommendation for any sentence higher than the sentence recommended by the defense on any basis, including arguments for a higher offense level, a higher criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

    viii.    The United States may make any sentencing arguments the United States deems appropriate so long as they are consistent with this Plea Agreement, including arguments arising from Defendant's uncharged conduct, conduct set

PLEA AGREEMENT - 9

        forth in charges that will be dismissed pursuant to this Plea Agreement, and Defendant's relevant conduct; and

    ix.    Defendant may make any sentencing arguments consistent with this Plea Agreement Defendant deems appropriate.

    f.    <u>No Other Agreements</u>

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances. Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

    g.    <u>Criminal History</u>

The United States and the Defendant agree to the criminal history calculations contained in the abbreviated presentence report prepared by the United States Probation Office.

10.    <u>Presentence Report</u>

The United States Probation Office has prepared an abbreviated presentence investigation report in this case. The United States and Defendant believe they can provide sufficient information to the Court on the record to enable the Court, together with the abbreviated presentence investigation report, to exercise meaningful sentencing discretion, pursuant to 18 U.S.C. § 3553. Thus, the United States and Defendant request that the Court waive the preparation of a full presentence investigation report pursuant to Fed. R. Crim. P. 32(c)(1)(A)(ii). The United States and Defendant agree not to file or present any sentencing memoranda and/or objections to the presentence report.

11.    <u>Incarceration</u>

PLEA AGREEMENT - 10

The United States and the Defendant each agree to recommend a sentence of incarceration within the Sentencing Guideline range.

12. Supervised Release

The United States and Defendant agree to recommend that the Court impose a term of supervised release. Defendant agrees that the Court's decision regarding the term and conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the term or conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any condition of Supervised Release.

13. Criminal Fine

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

14. Mandatory Special Penalty Assessment

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

15. Payments While Incarcerated

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16. Additional Violations of Law Can Void Plea Agreement

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea

PLEA AGREEMENT - 11

Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is convicted of any criminal offense or tests positive for any controlled substance.

17. <u>Waiver of Appeal Rights</u>

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

Defendant expressly waives all of Defendant's rights to appeal Defendant's conviction and the sentence the Court imposes.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

18. <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

    a.    this Plea Agreement shall become null and void;

    b.    the United States may prosecute Defendant on all available charges;

    c.    the United States may reinstate any counts that have been dismissed, have been superseded by the filing of another

charging instrument, or were not charged because of this Plea Agreement; and

    d.    the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

19. <u>Integration Clause</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

PLEA AGREEMENT - 13

S. Peter Serrano
United States Attorney

_____   __8/25/25__
Letitia A. Sikes                   Date
Assistant United States Attorney

    I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

__Marco A_____   __8/25/25__
Marco Alvarez-Acevedo           Date
Defendant

    I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

__Juliana Van Wingerden_____   _____
Juliana Van Wingerden            Date
Attorney for Defendant

### Interpreter Certification

    I hereby certify that I have read and translated the entire foregoing document to Defendant in a language with which Defendant is conversant. If questions have

PLEA AGREEMENT - 14

arisen, I have notified Defendant's counsel of the questions and have not offered nor given legal advice nor personal opinions.

_____        _____8/25/25_____
Interpreter  Javiela Gutierrez          Date

PLEA AGREEMENT - 15